UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER KEY and JANET GAJEWSKI,
individually and on behalf of all others                    Case No. 15-11235
similarly situated,

    Plaintiffs,                                                        HON. AVERN COHN

v.

INTEGRITY SURVEILLANCE
SOLUTIONS, INC., d/b/a Integ Security
Solutions, a Michigan corporation,

    Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL COMPLETE RESPONSES TO DISCOVERY AND MOTION FOR LEAVE TO CONDUCT A RULE 30(b)(6) DEPOSITION, TO SERVE THREE SUBPOENAS, AND TO EXCHANGE INITIAL DISCLOSURES (Doc. 16)[1]

## I.   INTRODUCTION

    This is a case under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et

seq ("TCPA"). Plaintiffs Rogery Key ("Key") and Janet Gajewski ("Gajewski")[2] are suing

Defendant Integrity Surveillance Solutions, Inc. d/b/a Integ Security Solutions ("Integ")

claiming that Integ violated the TCPA by placing unsolicited telemarketing calls to

Plaintiffs and other similarly situated individuals without prior consent.

    Before the Court is Plaintiffs' motion to compel complete responses to discovery

requests and a motion for leave to conduct the Fed. R. Civ. P. 30(b)(6) deposition of

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).
[2] Collectively "Plaintiffs" when appropriate.

1

Integ, to serve subpoenas to MyAutoBlast (Integ's automatic telephone dialing system) and Plaintiffs' telephone carriers, and to compel the complete exchange of initial disclosures.

For the reasons that follow, the motion will be granted in part and denied in part without prejudice. Integ shall provide complete responses to Plaintiffs' discovery requests and initial disclosures and Plaintiffs may subpoena MyAutoBlast. In addition, Plaintiffs' request to compel Integ to withdraw its allegedly meritless affirmative defense no. 3 will be granted. Plaintiffs' request for leave to conduct a Fed. R. Civ. P. 30(b)(6) deposition of Integ and to subpoena Plaintiffs' telephone carriers will be denied without prejudice to Plaintiffs' right to renew upon receipt of the written discovery ordered above.

## I.  BACKGROUND

On March 31, 2015, Plaintiffs filed a class action complaint alleging violations of the TCPA and a motion for class certification under Fed. R. Civ. P. 23(b)(2) and (b)(3). (Doc. 1.)

On April 15, 2015, Integ responded to the complaint with affirmative defenses. (Doc. 5.) Included in the list of affirmative defenses is an assertion of a complete defense to liability because Integ "does not employ an automatic telephone dialing system as defined by the TCPA." (Aff. Defense No. 3, Doc. 5 at 11.) Further, Integ asserted "[t]he alleged calls may be exempt from an action under the TCPA in that calls qualify as research, market surveys, and/or political polling which do not involve solicitation." (Aff. Defense No. 12, Doc. 5 at 13.)

2

On April 27, 2015, Integ filed a motion to dismiss and/or deny class certification. (Doc. 7.) As part of its motion, Integ argued that the case should be dismissed and class certification denied before any "wasteful" and "expensive" class discovery is allowed. (Doc. 10 at 8.)

On July 22, 2015, the Court heard argument on the motion for class certification. During the hearing, Integ's counsel argued that the case should be dismissed and discovery should be denied, because class discovery would be burdensome and expensive. In addition, at the hearing, Plaintiffs moved to amend the complaint under seal to include their telephone numbers. On July 23, 2015, the Court issued an order stating, in pertinent part:

> A. Plaintiffs' Motion to Amend the Complaint is GRANTED.
> B. Defendant's Motion to Dismiss (Doc. 7) is DENIED.
> C. Consideration of Plaintiffs' Motion for Class Certification (Doc. 2) is deferred.
>
> ***
>
> A. Plaintiffs shall have 30 days from the date of this order to conduct limited written discovery relating to the class allegations.
> B. Defendant shall have 30 days within which to respond to the written requests.
> C. Plaintiffs shall have 10 days following completing of discovery to amend the class allegations of the complaint.
> D. Defendant shall have 10 days thereafter to amend its Motion to Deny Class Certification (Doc. 7) or otherwise plead.

(Doc. 14.)

On July 30, 2015, Plaintiffs served Integ with written interrogatories and requests for production of documents ("RTPs"). On August 3, 2015, Plaintiffs served their requests for admission ("RTAs").

3

On September 1, 2015, Integ filed its responses to Plaintiffs' discovery requests. In response to Plaintiffs' 30 RTPs, Integ provided only a three page contract between Integ and MyAutoBlast, its contracted automatic call service. Next, Integ objected to answering all but one of Plaintiffs' twenty-two interrogatories because the requested information is beyond the scope of the limited discovery ordered in the matter.

On September 9, 2015 Plaintiffs sent Integ a letter outlining the deficiencies in its responses. Plaintiffs explained why the answers to the interrogatories were insufficient. Plaintiffs requested that Integ withdraw its affirmative defenses nos. 3 and 12 because they were meritless based on Integ's responses to discovery. For example, affirmative defense no. 3 asserts that Integ does not employ an automatic telephone dialing system. This defense directly contradicts Integ's response to Plaintiffs' RTAs nos. 17 and 18 in which it admits to using an automatic dialing system.  Plaintiffs also requested that Integ withdraw affirmative defense no. 12 in which it claims an exemption under the TCPA, because the calls made were political polling. This defense directly contradicts Integ's answer to RTA no. 19 in which it admits that the calls made to Plaintiffs were not political calls.

On September 17, 2015, Integ replied via email to Plaintiffs that it disagreed with Plaintiffs' objections to its responses to the discovery requests. Further, Integ said that it provided a complete narrative with supporting documentation and that the discovery requests were broad and ignored the court's specific limitations on discovery. Finally, Integ said that Plaintiffs are inappropriately using discovery to find additional plaintiffs for the class action.

On September 29, 2015, the Court held a telephone conference with the parties. The Court advised that it could not resolve the dispute informally and said the Plaintiffs should file appropriate motions.

On October 8, 2015, Plaintiffs filed the instant motion to compel complete responses to discovery as well as a motion for leave to conduct a Fed. R. Civ. P. 30(b)(6) deposition of Integ, to serve subpoenas on MyAutoBlast and Plaintiffs' telephone carriers, and to exchange initial disclosures. (Doc. 16.) The motion is fully briefed. (Docs. 17, 19.)

## II.  LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. Lewis v. ACB Bus. Servs., 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ.

P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs,
Rule 37 provides the party who sent the discovery the means to file a motion to compel.
Fed. R. Civ .P. 37(a)(3)(B)(iii) and (iv).

### III. DISCUSSION

### A. Motion to Compel Complete Responses to Discovery

### 1. Interrogatories

Pursuant to the Court's order, Plaintiffs served Integ with written discovery
requests limited in scope to class action certification.

Plaintiffs first served Integ with 22 interrogatories. Integ says that all but one of
the 22 of the interrogatories exceeded the scope of the limited discovery ordered by the
Court and are not reasonably calculated to lead to admissible evidence relating to the
class allegations. Additionally, Integ says that Plaintiffs intend to circumvent the Court's
order limiting discovery with the main intent to determine class members from a reverse
phone search in order to strength their case. Specifically, Integ relies on Balschmiter v.
TD Auto Fin. LLC, 303 F.R.D. 508 (E.D. Wis. 2014), Vigus v. Southern Illinois
Riverboat/Casino Cruises, Inc., 274 F.R.D. 229, 236 (S.D. Ill. 2011), and Jamison v.
First Credit Services, Inc., 290 F.R.D. 92 (N.D. Ill. 2013), to argue that Plaintiffs have
put forth no basis by which, even with a complete list of every alleged call, the
appropriate class members may be ascertained.

Integ's argument lacks merit.  In their motion to compel, Plaintiffs provide
sufficient clarification for the disputed interrogatories explaining how each is directly
relevant to Rule 23 issues of commonality, typicality, adequacy of representation, and
predominance. Plaintiffs need the requested information regarding the number of

people called, the way Integ and/or MyAutoBlast obtained their numbers, the type of

dialing equipment used, and the type of data Integ and/or MyAutoBlast has regarding

each person called to establish the ability of the Court to identify class members.

Plaintiffs do not intend on adding any additional named plaintiffs to the case.

Finally, Integ's reliance on Balschmiter, Jamison, and Vigus is misplaced. These

cases were decided following complete class discovery and their holdings have been

generally disagreed with by other courts. Courts routinely certify TCPA class actions.[3]

Simply because three courts have denied class certification in TCPA cases does not

warrant dismissal of this case or allow Integ to skirt its obligations to respond in full to

Plaintiffs' class discovery.

Accordingly, Integ's objections claiming that the questions exceeded the limited

scope of discovery are unwarranted.

### 2.  Requests to Produce

In addition to the 22 interrogatories, Plaintiffs served Integ with 30 RTPs.

Plaintiffs say, and the Court agrees, that the RTPs are within the scope of the limited

discovery and all requests are directly related to Rule 23 issues of commonality,

typicality, adequacy of representation, and predominance. In their September 2015

letter and later reiterated in the motion to compel, Plaintiffs say Integ failed to sufficiently

respond to the RTPs on several bases. First, in response to 30 RTPs, Integ only

produced one three-page contractual agreement between Integ and MyAutoBlast.

Second, for 13 of the RTPs, Integ responded simply that it had no documents in its

possession or control. (RTPs Nos. 1-5, 8-9, 17-20, 22, & 27.) These declarations are

---

[3] See City Select Auto Sales, Inc. v. David Randall Associates, Inc., 296 F.R.D. 299,
322 (D.N.J. 2013); Lee v. Stonebridge Life Ins. Co., 289 F.R.D. 292, 294 (N.D. Cal.
2013).

contrary to the list of eight categories of documents listed by Integ in its Rule 26(a)(1) disclosures. Finally, Plaintiffs question the truthfulness by which Integ answered the RTPs and say that Integ is refusing to disclose documents that it in fact has in its possession. Plaintiffs point to Integ's prior statements that discovery would prove overwhelming and burdensome to suggest that Integ is withholding the requested documents.

In its defense, Integ says that the RTPs exceed the scope of the limited discovery by requesting a report or spreadsheet containing Integ's phone records during the relevant period of time for calls made to the phone numbers belonging to Plaintiffs and similarly situated consumers. Moreover, Integ made representations in its response that it does not have additional relevant documents to provide.[4] Further, Integ emphasizes that under the terms of its contract with MyAutoBlast, MyAutoBlast was given complete control of the method and means by which customers are contacted.

Plaintiffs' RTPs are within the scope of the limited discovery granted in the July 23, 2015 order. The responses that Integ has provided to the RTPs merely refer to the three-page MyAutoBlast contract and the contract alone does not answer the questions sufficiently.

As such, the Court grants Plaintiffs' motion to compel complete discovery in regards to the interrogatories and RTPs. Integ shall provide to Plaintiffs complete responses within 30 days.

---

[4] Integrity is now at risk should the Court find that it in fact had in its possession additional relevant documents requested in Plaintiffs' RTPs.

### B.  Motion to Serve Subpoenas

### 1.  Subpoena for MyAutoBlast

Plaintiffs request leave to subpoena MyAutoBlast for documents which will provide answers to their original discovery request submitted to Integ. Presuming Integ's candor with the Court in its statements that MyAutoBlast is in complete control of the automated calling and that Integ is not in possession of any additional relevant documents regarding class certification, the Plaintiffs' request for leave to serve MyAutoBlast with a subpoeana for documents within the limited scope of discovery is GRANTED.

### 2.  Subpoena for Plaintiffs' Telephone Carriers

Plaintiffs also seek permission to subpoena Plaintiffs' telephone carriers. In doing so, Plaintiffs seek records showing that Integ – or MyAutoBlast on Integ's behalf – called them and other similarly situated consumers without consent. This request will be denied without prejudice pending Plaintiffs' receipt and review of the discovery materials that will be filed following this order.

### C.  Integ's Affirmative Defenses No. 3 and 12

As noted above, in their letter in September 2015 to Integ, Plaintiffs questioned two of Integ's affirmative defenses as meritless based on Integ's answers filed in response to the discovery request. The Court will address each affirmative in turn.

First, Integ's affirmative defense No. 3 asserts Integ has a complete defense to liability because "Defendant does not employ an automatic telephone dialing system as defined by the TCPA." (Doc. 5 at 11-12.) However, Integ admits in response to RTAs

nos. 17 and 18 that it used an automatic dialing system ("ATDS"). As such, Integ cannot prevail on affirmative defense no. 3 and it should be withdrawn.

Plaintiffs next argue that affirmative defense no. 12 should be withdrawn because it is meritless. Affirmative defense no. 12 stated "[t]he alleged calls may be exempt from an action under the TCPA in that the calls qualify as research, market surveys, and/or political polling which do not involve solicitation." (Doc. 5 at 13.) Plaintiffs say that this affirmative defense is <u>entirely</u> contradicted by Integ's answer to RTA no. 9 which admits that the calls made to Plaintiffs were not political calls. However, Plaintiffs' argument is lacking. While the answer to request no. 9 establishes that the calls were not political in nature, the RTAs do not inquire as to whether the calls qualify as research or market surveys. As such, the affirmative defense has not been entirely contradicted and does not need to be withdrawn at this time.

### D. Motion to Compel Exchange of Initial Disclosures

Plaintiffs ask that the Court require that the parties exchange initial disclosures required under Fed. R. Civ. P. 26(a)(1). Rule 26(a) requires parties to disclose substantial information about a case. Rule 26(a)(1) deals with "initial disclosures" and provides that a party must, without awaiting a discovery request, disclose the identity of persons likely to have discoverable information; copies of relevant documents in the party's possession; a computation of damages; and any relevant insurance agreement.

On October 28, 2015, following its receipt of Plaintiffs' motion to compel, Integ filed its initial disclosures. (Doc. 18.) Plaintiffs say that the initial disclosures are incomplete because Integ did not provide information regarding any potentially applicable insurance policy.

10

Integ shall provide to Plaintiffs the insurance information pursuant to Rule 26(a)(1).

### E.  Motion to Conduct a Fed. R. Civ. P. 30(b)(6) Deposition

The court will deny Plaintiffs' motion to conduct a Fed. R. Civ. P. 30(b)(6) deposition without prejudice pending the review of the discovery material that must be produced under this order. At this time, the Court will follow its own July 23, 2015 order and will limit discovery to only written discovery regarding class certification.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion to compel complete responses to discovery, motion to subpoena MyAutoBlast, motion to compel complete exchange of initial disclosures, and request to compel the withdrawal of Integ's affirmative defense no. 3 are GRANTED. The motion for leave to conduct a Fed. R. Civ. P. 30(b)(6) deposition and to serve a subpoena on Plaintiffs' telephone carriers and Plaintiffs' request to compel the withdrawal of Integ's affirmative defense no. 12 are DENIED without prejudice.

SO ORDERED.

s/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 8, 2015
Detroit, Michigan

11